IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** *Respondent* | § § § | |
| | § | MO-22-CR-00109-DC |
| v. | § § | |
| **(3) LOPEZ MATEO MATEO,** *Movant* | § § § | |

**Second Order for Movant Lopez Mateo Mateo to Show Cause regarding Notice of Appeal**

In his Declaration in Support of his 28 U.S.C. §2255 motion, Movant alleges that counsel did not file a Notice of Appeal after sentencing. "Counsel Johnson further stated that if Petitioner appealed Petitioner would get more time, that it was not in Petitioner's best interest to appeal because Petitioner would get more time." [docket number 141-2 at 2]. "Petitioner clearly indicated to Counsel that Petitioner wanted to appeal but Counsel ignored Petitioner." [*Id.*]. "Petitioner Lopez Mateo Mateo states that before and after sentencing, Petitioner had discussed about an appeal with Counsel. Counsel failed to guide, explain and inform Petitioner of a direct appeal…Petitioner Lopez Mateo Mateo anticipated on a direct appeal but later learned that Counsel had not filed a direct appeal…Counsel failed to file an appeal despite Petitioner's wish to appeal. Counsel simply ignored Petitioner's request to appeal." [*Id.* at 3].

The issue before this Court is whether Movant ever directly asked his attorney to file a Notice of Appeal on his behalf and what counsel said or did in response. This Court issued its first Order for Movant to Show Cause regarding Notice of Appeal on September 24, 2024. [docket number 146]. In response, Movant filed a less than satisfactory series of non-answers, without the explanation or detail the Court had requested.

When asked about whether Movant had asked his counsel to file a Notice of Appeal after sentencing, he simply responded, "Yes, the Petitioner did ask his attorney for a direct appeal."

[docket number 148 at 1]. When asked to explain, he replied, "I ask him several questions, it was on or about June at jail." [*Id.*]. And rather than explaining what facts he personally knew, Movant expounded on his theory that counsel failed to file a notice of appeal because this was an allegedly complex case. [*Id.* at 2]. Movant ignored the fact that a different counsel would have handled his allegedly complex case on appeal.

Considering all these non-specific answers, the Court now issues its Second Order for Movant to Show Cause regarding Notice of Appeal. The Court wants to know what actually happened and what was said by Movant and by counsel about a notice of appeal, *before and after sentencing*, in great detail. Movant is ordered by this Court to respond to this Order **no later than November 22, 2024.**

If Movant fails to respond to this Order to Show Cause by November 22, 2024, this case will be dismissed under Fed. R. Civ. P. 41(b) for failure to prosecute and failure to comply with the orders of this Court.

It is so **ORDERED**.

**SIGNED this 23rd day of October, 2024.**

_____
**DAVID COUNTS**
**UNITED STATES DISTRICT JUDGE**