IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| *Respondent* | § | |
| | § | MO-22-CR-00109-DC |
| v. | § | MO-24-CV-00111 |
| | § | |
| **(3) LOPEZ MATEO MATEO,** | § | |
| *Movant* | § | |

## ORDER DISMISSING CASE FOR WANT OF PROSECUTION AND DENYING A CERTIFICATE OF APPEALABILITY

Before the Court is Movant Lopez Mateo Mateo's Motion to Vacate, which was filed pursuant to 28 U.S.C. §2255 (§2255) on April 22, 2024. [docket number 141]. Service was effectuated, and the Government responded on July 1, 2024. [docket numbers 142 & 143, respectively].

On September 24, 2024, this Court issued its first of two Orders to Show Cause concerning his conclusory claim about the alleged failure of trial counsel to file a notice of appeal in his case. [docket numbers 146]. Movant responded to the first Order to Show Cause, but with a less-than-satisfactory series of non-answers, without the explanation or detail the Court had requested. [*See* docket number 148].

The Court then issued its second Order to Show Cause, stressing that "The Court wants to know what actually happened and what was said by Movant and by counsel about a notice of appeal, *before and after sentencing*, in great detail." [docket number 149 at 2] (emphasis in original). However, Movant has failed to respond to the second Order to Show Cause, which was issued October 23, 2024. [*See generally* docket]. Movant's response was due no later than November 22, 2024. It is now 2025, and there is no reason to believe Movant did not receive the

second Order to Show Cause. Movant has also not asked for additional time to comply nor communicated with this Court in any way since October 18, 2024. [*Id.*].

The issue before the Court is one of procedure created by Movant's lack of involvement in his own litigation and failure to appropriately respond to the second Order to Show Cause issued by this Court. [docket number 149]. The Court is given the authority to enter an involuntary dismissal "[f]or failure of the Petitioner to prosecute or to comply with these rules or any order of the court" under Rule 41(b) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 41(b); *see McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). In this case, Movant has ignored the Court's second Order to Show Cause by not responding at all. This demonstrates Movant's complete failure to prosecute his case and comply with the second Order to Show Cause from this Court.

The Court finds that the only remedy available considering Movant's inaction is to dismiss the §2255 for want of prosecution under Rule 41(b). For the same reasons, the Court further finds that this §2255 should be dismissed in the interest of judicial economy. The Court shall dismiss this §2255 without prejudice to allow Movant another opportunity to raise his claims, if necessary. *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1519 (5th Cir. 1985) (citations omitted) (finding that, unless otherwise specified, a dismissal for want of prosecution is a "complete adjudication on the merits, and thus with prejudice"). Therefore, Movant's §2255 shall be dismissed for want of prosecution without prejudice.

If, within 30 days from the date of this Order, Movant fully answers all the questions posed in the second Order to Show Cause, this Court will reopen this case and rule on the merits. Fed. R. Civ. P. 60(b). After 30 days, Movant will have to file a new §2255 to get the relief he seeks.

Because the Motion to Vacate filed here is governed by the Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. §2253, a certificate of appealability (COA) is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. §2254 or §2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals ....'" *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (citing 28 U.S.C. §2253(c)(1)).

A certificate of appealability will not issue unless Movant makes "a substantial showing of the denial of a constitutional right," pursuant to 28 U.S.C. §2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282, 124 S.Ct. 2562, 159 L.Ed.2d 384 (2004) (*quoting Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. When denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For

the reasons discussed in the opinion, the Court concludes that jurists of reason would not debate whether any ruling was correct or whether Movant stated a valid claim of the denial of a constitutional right. Therefore, a certificate of appealability will not issue in this case.

As a result, it is hereby **ORDERED** that Movant's Motion to Vacate, filed pursuant to 28 U.S.C. §2255, is **DISMISSED *WITHOUT* PREJUDICE** for **WANT OF PROSECUTION AND A CERTIFICATE OF APPEALABILITY WILL NOT ISSUE IN THIS CASE**.

It is so **ORDERED**.

**SIGNED this 4th day of January, 2025.**

_____
**DAVID COUNTS**
**UNITED STATES DISTRICT JUDGE**